UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON GOODE, | ) | CASE NO. 3:25-CV-893 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| USMAN, | ) | OCTOBER 23, 2025 |
| *Defendant*. | ) | |

# INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge

Plaintiff Jason Goode ("Goode"), a convicted inmate in the custody of the Connecticut Department of Correction ("DOC"), proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Defendant DOC Associate Chaplain Usman ("Usman"), arising from Usman's refusal to allow Goode to procure certain essential oils required for his practice of the Wiccan religion. *See* Compl., ECF No. 1 at 6. Goode seeks monetary damages and injunctive relief against Defendant Usman in both his individual and official capacity for: (1) a violation of the First Amendment's Free Exercise clause; and (2) a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"). *Id*. at 7. For the reasons set forth herein, the Complaint shall **PROCEED** to service on Goode's Free Exercise claim against Defendant Usman in his individual capacity for damages and his official capacity for injunctive relief, as well as Goode's RLUIPA claim against Defendant Usman in his official capacity for injunctive relief.

**Allegations**

The Court has considered all the allegations set forth in the Complaint and recites herein only those facts pertinent to initial review.

Goode is religiously affiliated as Wiccan. Compl. at 5 ¶ 1. Certain Wiccan rituals require the use of essential oils. *Id.* at 5 ¶ 3. On August 3, 2023, Goode submitted a request to Usman to purchase peppermint oil for the purpose of his religious practice. *Id.* at 6 ¶ 6. His request was denied, as peppermint oil was not, at that time, on the list of oils Goode was permitted to purchase. *See id.* On September 6, 2023, Goode resubmitted a request to order peppermint oil, which was approved on September 27, 2023. *Id.* at 6 ¶ 7. On October 6, 2023, Goode submitted another request for different ritual oils from the same vendor, but the request was denied on October 31, 2023, "for pretextual reasons." *Id.* at 6 ¶ 8 (citing Letter dated 10/21/23, Ex. D, ECF No. 1-1 at 17) ("Your request to purchase the above [essential oils] is denied. Please refer to our letter dated 9/1/2022 regarding purchasing nonflammable oils from an approved vendor."). Goode alleges that the "denial of ritual oils substantially impeded [his] ritual practice, causing him to abort them altogether." *Id.* at 6 ¶ 9.

In support of his allegations, Goode refers to and attaches a Settlement Agreement and General Release (the "Settlement Agreement"), which he entered into on June 7, 2018 with DOC Director of Religious Services, Rev. Anthony J. Bruno ("Rev. Bruno"). *See id*. at 5–6 ¶¶ 4–5 (citing Settlement Agreement, Ex. A, ECF No. 1-1). The Settlement Agreement was executed in connection with a prior lawsuit filed by Goode – *Goode v. Murphy*, *et al.*, Case No. 3:10-CV-1734 (SALM) (the "2010 Lawsuit"), which involved Wiccan ritual items, and specifically, the purchase of ritual oils.[1] *See* Settlement Agreement, Ex. A, ECF No. 1-1. Goode alleges that "Defendant's

---

[1] On June 12, 2018, the parties in the 2010 Lawsuit entered a Stipulation of Dismissal with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. *See Goode*, Case No. 3:10-CV-1734 at ECF No. 227. On June 13, 2018, the Court approved the Settlement Agreement and Stipulation of Dismissal and observed that the parties had consented to the jurisdiction of a United States Magistrate Judge for six months, after which jurisdiction would terminate. *See id.* at ECF No. 228. On June 2, 2022, Goode sought to enforce the Settlement Agreement, claiming, as here, that the DOC intentionally deviated from the language of the Settlement Agreement by requiring him to produce a "safety data sheet." *See id.* at ECF No. 236. On June 8, 2022, the Court terminated Goode's Motion to Enforce the Settlement Agreement, citing a lack of jurisdiction over the matter. *Id.* at ECF No. 237. The Court does not revisit that determination here.

2

office has intentionally interfered with [his] religious practices in the past, requiring [him] to produce a 'safety data sheet' before attempting to purchase ritual oils[,] . . . which goes outside the language of the settlement agreement" from the 2010 Lawsuit. Compl. at 7 ¶ 10 (citing Letter dated 11/08/21, Ex. E, ECF No. 1-1 at 19). Finally, Goode alleges that "[t]his nefarious practice was done to deny Plaintiff's religious exercise." *Id.*

Goode seeks injunctive relief barring Usman from "arbitrarily denying [Goode] the right of purchasing ritual oils, related to his settlement agreement, for the purpose of practicing his religious rituals."[2] *Id.* at 6. He also seeks compensatory and punitive damages. *Id.*

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[2] On July 7, 2025, Goode filed an Amended Motion for Preliminary Injunction seeking to bar Usman from "directly interfering with or obstructing [Goode's] religious practice of the regular use of ritual oils earlier settled in [the 2010 Lawsuit]." *See* ECF No. 12 at 1. The Court has not addressed the Motion for Preliminary Injunction herein, and will resolve Goode's request for preliminary injunctive relief in a separate order.

**Discussion**

The Complaint asserts claims for injunctive relief and monetary damages, arising out of Usman's alleged ongoing violations of Goode's religious rights under the First Amendment and RLUIPA.[3]

The Free Exercise Clause of the First Amendment protects individuals from "indirect coercion or penalties on the free exercise of religion [by government officials], not just outright prohibitions." *Lyng v. N.W. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). In the prison context, Free Exercise claims are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 349 (1987). Thus, "to assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023) (cleaned up) (citation omitted). In the context of a Free Exercise claim under Section 1983, a plaintiff must establish liability of a defendant by showing that the defendant "act[ed] with at least deliberate indifference in depriving an inmate of the ability to engage in a religious practice." *Id.* at 129.

"RLUIPA provides institutionalized persons with 'greater protection' to exercise their religious beliefs than the First Amendment." *Antrobus v. New York City*, No. 23-CV-7038 (LTS),

---

[3] While the Complaint invokes and attaches the Settlement Agreement, ostensibly as evidence of Goode's entitlement to certain religious oils and Usman's allegedly pretextual denial of Goode's requests, it does not assert a breach of contract claim, or seek to enforce the terms of the Settlement Agreement. Rather, the Complaint explicitly seeks relief from alleged ongoing violations of Goode's religious rights, pursuant to 42 U.S.C. § 1983 and RLUIPA. Goode is a seasoned litigator, having filed no less than twenty cases in the district court over the course of the last two plus decades. The Court takes Goode at his word, and has not therefore construed the Complaint as asserting a breach of contract claim or as otherwise seeking to enforce the Settlement Agreement.

2023 WL 6609443, at *2 (S.D.N.Y. Oct. 10, 2023) (quoting *Holt v. Hobbs*, 574 U.S. 352 (2015)). "Under RLUIPA, the government may not 'substantial[ly] burden' an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the least restrictive means." *Id.* (citing *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009)). Notably, RLUIPA does not provide for monetary damages against state officials in their official capacities, *see Sossamon v. Texas*, 563 U.S. 277, 293 (2011), and the Second Circuit has held that RLUIPA does not create an implied private right of action against state officials sued in their individual capacities, *see Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013). "Thus, under RLUIPA, an incarcerated person may only seek injunctive relief against a state official." *Antrobus*, 2023 WL 6609443 at *2 n.3.

      Here, as to Goode's Free Exercise claim, the Court accepts on initial review that Goode's belief in the Wiccan religion is sincerely held, and that his inability to procure the religious oils necessary for certain Wiccan rituals infringed upon those religious beliefs. Moreover, to the extent Goode claims that Usman's denial of his request for ritual oils was inconsistent with prior approvals and was otherwise "pretextual," the Court is satisfied that, liberally construed, the Complaint sufficiently alleges that Usman's conduct was not in furtherance of any legitimate penological objective. *See Kravitz*, 87 F.4th at 128. Finally, as Goode alleges that Usman acted deliberately (and successfully) to disrupt his religious practices, he has plausibly alleged "at least deliberate indifference." *Id.* at 129. As such, Goode has adequately stated his Free Exercise claim, which he may advance as to Usman in both his individual capacity for damages and his official

capacity for injunctive relief.[4]

As to the RLUIPA claim, Goode has sufficiently alleged that Usman's denial of his request for ritual oils substantially impeded his Wiccan religious practice, insofar as he was unable to partake in certain Wiccan rituals, which eventually caused him to abort his Wiccan practice altogether. Compl., at 6 ¶ 9. Thus, Goode has sufficiently stated a RLUIPA claim, which shall proceed against Usman for injunctive relief in his official capacity only. *See Antrobus*, 2023 WL 6609443 at *2 n.3.

**Conclusion**

For all the foregoing reasons, the Complaint may **PROCEED** on Goode's First Amendment Free Exercise claim against Defendant Usman in his individual capacity for damages and his official capacity for injunctive relief, as well as Goode's RLUIPA claim against Defendant Usman in his official capacity for injunctive relief only.

The Court enters the following orders:

(1) **The Clerk of Court** shall verify the current work address for Defendant Usman with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to Defendant Usman at the confirmed address provided on or before **November 13, 2025**, and report on the status of the waiver request on the **thirty-fifth (35th)**

---

[4] It is well-settled that a plaintiff may proceed against a defendant in his or her official capacity for injunctive or declaratory relief, but only to the extent the plaintiff alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Johnson v. Comm'n on Hum. Rts. & Opportunities*, No. 3:24-CV-728 (KAD), 2025 WL 1233960, at *9 (D. Conn. Apr. 29, 2025) ("a plaintiff may sue a state official acting in an official capacity for prospective injunctive relief from continuing violations of federal law."). Here, Goode seeks to bar Defendant Usman from "arbitrarily denying [him] the right of purchasing ritual oils . . . for the purpose of practicing his religious rituals." Compl. at 6. Because the Complaint claims an ongoing violation of Goode's religious rights under the First Amendment and RLUIPA, and such claims are otherwise sufficiently pleaded, the Court concludes that Goode may seek injunctive relief against Usman in his official capacity. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). A plaintiff may seek compensatory damages under Section 1983 for claims brought against state actors in their individual capacities. *See Taylor v. Norwalk Cmty. Coll.*, No. 3:13-CV-1889 (CSH), 2015 WL 5684033, at *17 (D. Conn. Sept. 28, 2015).

**day** after mailing. If Defendant Usman fails to return the waiver request, the Clerk shall arrange for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk of Court** is instructed to prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to effect service of the Complaint and this Order on Defendant Usman in his official capacity at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, on or before **November 6, 2025**, and to file a return of service within **thirty (30) days** from the date of this Order.

(3) The **Clerk of Court** shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendant Usman shall file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If Defendant Usman chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant Usman may also include any additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **May 22, 2026.**

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(7) All motions for summary judgment shall be filed by **June 22, 2026.**

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Goode changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court. **Failure to do so may result in the dismissal of the case.** Goode must give notice of a new address even if he is incarcerated. He should write 'PLEASE NOTE MY NEW ADDRESS' on the notice. It is not enough to only put the new address on a letter without indicating that it is a new address. If Goode has more than one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify Defendant Usman or defense counsel of his new address.

(10) Goode shall utilize the Prisoner E-filing Program when filing documents with the Court. Goode is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court, *see* D. Conn. L. Civ. R. 5(f), and must be served on Defendant's counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of October 2025.

                                                  */s/ Kari A. Dooley*
                                                  KARI A. DOOLEY
                                                  UNITED STATES DISTRICT JUDGE